IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NORMAN L. TALLEY,

    Movant,

v.                                                Case No. 3:13-cv-01754
                                               (Criminal No. 3:10-cr-00038/1)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

Pending before the Court is Movant's self-styled Motion for Extension of Time to file sworn affidavits and a memorandum of law in support of his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 203). Having considered the Motion for Extension of Time, and finding good cause for an extension, the Court **GRANTS** same. Accordingly, Movant's memorandum, affidavits, and any other supporting documentation shall be filed within **forty five (45) days** of the entry of this Order. For the reasons set forth below, Movant is also **ORDERED** to specifically address in his memorandum the reasons why he believes that his § 2255 petition is timely filed. Respondent is **ORDERED** to file a response to Talley's § 2255 motion within **thirty (30) days** after service of his memorandum and supporting documentation.

### I. Procedural History

On November 2, 2010, Movant Norman Talley ("Talley") was convicted by jury for offenses relating to drug distribution and unlawful possession of a firearm. (ECF No.

1

149, 150). The District Court issued Talley's judgment and sentence on February 22, 2011. (ECF No. 170).

On October 11, 2011, the Fourth Circuit Court of Appeals affirmed Talley's conviction, (ECF Nos. 193, 194, 195), stating that its "judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41." (ECF No. 194). In its Notice of Judgment, the Fourth Circuit specifically advised that:

> To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons.

(ECF No. 195). On November 2, 2011, the Fourth Circuit issued its formal Mandate, at which time the October 11, 2011 Judgment took effect. (ECF No. 196). Talley did not file a petition for certiorari in the Supreme Court.

On January 31, 2013, Talley filed the instant Motion to Vacate Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 202).

## II. Discussion Regarding Timeliness

§ 2255 motions are subject to a 1-year period of limitation, which begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The limitations period is a non-jurisdictional affirmative defense and thus may be waived. *See Day v. McDonough*, 547 U.S. 198, 205 (2006) (addressing AEDPA's one-year limitation period on § 2254 petitions); *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002) (same). The Court may *sua sponte* consider the timeliness of a § 2255 petition, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), provided the government has not intelligently chosen to waive the statute of limitations defense. *See Day*, 547 U.S. 198, 210 n. 11. Before dismissing a § 2255 motion on the basis of timeliness, however, "the district court should afford an opportunity" for the movant to address the issue. *Hill*, 277 F.3d at 706; *see Blackstock*, 513 F.3d at 133.

In *Clay v. United States*, the United States Supreme Court held that "for federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). In the instant case, Talley acknowledges that his direct appeal was affirmed by the Fourth Circuit on October 11, 2011. (ECF No. 203 at 1). However, he argues that because the Fourth Circuit issued a Mandate on November 2, 2011, his conviction did not become final until 90 days later on February 2, 2012. (*Id.*). Accordingly, Talley asserts that his § 2255 petition dated January 28, 2013[1] was timely filed pursuant to *Clay*. (*Id.*).

Contrary to Talley's position, the Mandate issued by the Fourth Circuit on November 2, 2011 did not affect the date on which his conviction became final;

---

[1] Under *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed. 2d 245 (1988), Talley's § 2255 petition is considered to have been filed on January 28, 2013, the date he provided the petition to prison officials for mailing. (ECF No. 202 at 11).

3

consequently, it appears to the undersigned that Talley's conviction became final for § 2255 purposes on January 9, 2012, or 90 days after October 11, 2011, the date the Fourth Circuit Court of Appeals filed its judgment affirming the conviction. *See Clay*, 537 U.S. at 532. Thus, Talley's § 2255 petition, which is dated January 28, 2013, is not timely filed. Nonetheless, before the undersigned recommends to the presiding District Judge that Talley's § 2255 petition be dismissed as untimely, Talley is entitled to an opportunity to "come forward with evidence that might justify the application of equitable tolling or otherwise establish that his claims are not time-barred." *Blackstock*, 513 F.3d at 133.

Therefore, in addition to any other facts or arguments that he believes would facilitate determination of the issues raised in the § 2255 motion, Movant shall address the timeliness issue. Movant shall mail copies of such documents to the United States Attorney for the Southern District of West Virginia, Post Office Box 1713, Charleston, West Virginia 25326, with a certificate of service attached. **Movant is also responsible for notifying the Clerk of Court of any change in his address or other contact information.**

The Clerk is instructed to provide a copy of this Order to Movant and to the United States Attorney for the Southern District of West Virginia.

**ENTERED**: February 25, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge