IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NORMAN L. TALLEY,

        Petitioner,

v.                                          CIVIL ACTION NO. 3:13-01754
                                              (CRIMINAL ACTION NO. 3:10-00038-01)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending is Petitioner's Motion to Amend or Alter Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 219.[1] The Motion requests that the Court amend its Memorandum Opinion and Order entered August 7, 2014, which adopted the portion of the Magistrate's Proposed Recommendations and Findings ("PF&Rs"), ECF No. 215, recommending that this Court deny as untimely the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 202, and grant the Government's Motion to Deny [the Petitioner's Motion] as Untimely, ECF No. 209. ECF No. 218. For the reasons explained below, the Court **DENIES** this motion.

**I. Background**

On November 2, 2010, after a two-day trial, a jury found petitioner, Norman L. Talley, guilty of 1) conspiring to distribute 50 grams or more of cocaine base and a quantity of heroin, in violation of 21 U.S.C. § 846, 2) aiding and abetting the possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, 3) aiding

---

[1] All ECF citations are derived from the underlying criminal action, No. 3:10-cr-00038-01.

and abetting the possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and 4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* ECF Nos. 2, 148, 150. On February 22, 2011, the petitioner was sentenced to 210 months of imprisonment (to run concurrently on all counts), 8 years of supervised release, a $3,000 fine, and a $400 special assessment. ECF No. 170. On February 24, 2011, the petitioner appealed his case to the Fourth Circuit Court of Appeals. ECF No. 172. On October 11, 2011, the Fourth Circuit affirmed the petitioner's conviction, ECF Nos. 193-195, and on November 2, 2011, that court issued its formal mandate in the case. ECF No. 196.

On January 28, 2013, the petitioner filed the a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Habeas Petition"), ECF No. 202, and a Motion for Extension of Time [to File a Memorandum of Law and an Affidavit in Support of the Habeas Petition], ECF No. 203.[2] The Magistrate granted the latter motion in a February 25, 2013, Order which also required the petitioner to specifically address in his Memorandum "the reasons why he believes that his § 2255 petition is timely filed" and required the Government to file a response to the Habeas Petition within thirty days after the petitioner filed his anticipated Memorandum and Affidavit. ECF No. 206. The petitioner timely filed a Memorandum in Support, ECF No. 207, on April 8, 2013, and an Affidavit in Support, ECF No. 208, on April 11, 2013. He addressed the timeliness of the instant Habeas Petition in both documents.

On May 1, 2013, the Government timely filed a Motion to Deny [the Petitioner's Habeas Petition] as Untimely or, Alternatively, for an Order Directing [the Petitioner's] Former Counsel to Provide Information Concerning [the Petitioner's] Claim of Ineffective Assistance of Counsel

---

[2] Pursuant to the "prison mailbox rule," "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F.App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)).

and [Ordering] an Abeyance, ECF No. 209. On May 9, 2013, the Magistrate granted the portion of the Government's Motion which sought an abeyance and suspended the requirement that the Government file a response to the petitioner's instant Habeas Petition until after the timeliness issue had been ruled upon. ECF No. 210. On May 29, 2013, the petitioner timely filed his Reply to the Government's instant Motion. ECF No. 211.

On April 8, 2014, the Magistrate submitted PF&Rs for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 215. On April 21, 2014, the petitioner timely filed Objections to the Magistrate's PF&Rs. ECF No. 216. On August 7, 2014, having reviewed *de novo* those portions of the Magistrate's PF&R's to which the petitioner objects, the Court found that petitioner's objections lacked merit. Accordingly, the Court then adopted the portion of the Magistrate's PF&Rs which recommended that this Court deny as untimely the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 202, and grant the Government's Motion to Deny [the Petitioner's Motion] as Untimely, ECF No. 209. ECF No. 218.

As expressed in this Court's Memorandum Opinion and Order, ECF No. 217, the Magistrate found and the Court agreed, that the petitioner's Habeas Petition was untimely and that the petitioner had failed to present extraordinary circumstances which would warrant equitable tolling of the requirement, under 28 U.S.C. § 2255(f), that he file his Petition within the one year limitation period after the date on which his judgment of conviction became final. *See* ECF No. 217 at 3 (citing PF&Rs at 4 n.2, 6). Now before the Court is the petitioner's Motion to Amend or Alter Judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure in light of alleged legal errors rendered when deciding his Habeas Petition. ECF No. 219.

## II.  Applicable Law

Rule 59(e) of the Federal Rules of Civil Procedure allows for the reconsideration of a final judgment upon the filing of a motion to alter or amend a judgment within 28 days after that judgment is entered. The decision to grant or deny a Rule 59(e) motion is discretionary. *United States v. Torain*, 77 F.Supp.2d 749, 751 (S.D.W.Va. 1999) (citing *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). The text of the rule does not provide a standard guiding when a district court may grant a Rule 59(e) motion, but the Fourth Circuit has recognized the following "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F.Supp. 1406, 1419 (D.Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss. 1990)).

With respect to motions alleging a clear error of law, something more than mere disagreement with a court's application of relevant legal standards is required. *Compare Hutchinson*, 994 F.2d at 1082 ("While plaintiffs disagreed with how the district court applied the *Christiansburg* standard, mere disagreement does not support a Rule 59(e) motion"), *with Walker v. McCaughtry*, 72 F.Supp. 2d 1025 (E.D. Wis. 1999) (possible application of the wrong legal standard in habeas proceedings amounted to clear error of law);

Reconsideration pursuant to a Rule 59(e) motion is well recognized as an extraordinary remedy, which in the interests of finality and conserving judicial resources, should be granted sparingly and only upon a showing of exceptional circumstances. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Gross v. Pfizer, Inc.*, 825 F.Supp.2d 654, 662 (S.D.Md. 2011); *U.S. ex rel. Ge v. Takeda Pharmaceutical Co. Ltd.*, 737 F.3d 116, 127 (1st

Cir. 2013); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); 11 Wright et al., Federal Practice & Procedure § 2810.1, at 124 (3d ed. 2014). A motion to reconsider should not be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through—rightly or wrongly.'" *Torain*, 77 F.Supp.2d at 751 (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983).

The D.C. Circuit has recently considered the application of a Rule 59(e) motion to a habeas petition, applying the same standard to guide the decision to grant or deny such a motion in the context of habeas proceedings as in other civil matters. *Hentif v. Obama*, 883 F.Supp.2d 97 (D.C. Cir. 2012). In *Hentif*, the petitioner argued that the district court's decision to deny his Rule 59(e) motion was faulty and warranted reconsideration on the basis of evidence that was provided to the court after the merits hearing, but well before a final decision was rendered on his habeas petition. *Id.* at 100. On appeal of the denied motion for reconsideration, the court declined to treat that evidence as "newly discovered" as the petitioner would have had ample opportunity to present that evidence prior to entry of a final judgment. *Id.* Without a showing of newly discovered evidence or a manifest error of law, the court held that reconsideration was not warranted and had been properly denied below. *Id.*

### III. Application

The petitioner appears to base his Rule 59(e) Motion on the ground that this Court committed an error of law when deciding his Habeas Petition. ECF No. 219. It is within the discretion of the Court to grant a Rule 59(e) Motion "in order to correct a clear error of law or prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081. However, the Court is satisfied that there was no such clear error of law or manifest injustice in the Magistrate's PF&Rs or in this Court's adoption thereof.

The petitioner previously argued that he was entitled to equitable tolling because 1) his attorney advised him, in writing, that he could file a petition for writ of certiorari within ninety days from the Fourth Circuit's *mandate*, which was issued on November 2, 2011, and would have made the deadline for filing a Habeas Petition fall on January 31, 2013, and 2) part of the petitioner's left thumb was cut off in October 2012, so he was medicated, in pain, and confined to an area of the prison with no access to legal materials or resources for twenty-five days within the limitation period (from October 26, 2012, to November 19, 2012). Presumably relying on these same arguments, the petitioner now asserts that it was a clear legal error to deny his Habeas Petition as untimely because his good faith allegations, if true, entitle him to equitable relief. *See Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003).

As articulated in the Order at issue, a petitioner is entitled to equitable tolling only if he has pursued his rights with reasonable diligence and extraordinary circumstance prevented timely filing. ECF No. 217 at 5 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010). Furthermore, precedent clearly provides that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. at 650-52 (citations omitted) (internal quotation marks omitted). While the petitioner's counsel did misinform him of the date by which a petition for writ of certiorari must be filed, counsel made no statement with respect to the filing requirements for a Habeas petition. *See* ECF No. 216 at 13. As further explained by the Court in its previous Order, given the Notice of Judgment filed by the Fourth Circuit on October 11, 2011, specifying the correct filing requirements for a Petition for Writ of Certiorari, had the petitioner pursued the matter with minimal diligence he would have conducted extra research and recovered from counsel's unfortunate misstatement. ECF No. 217 at 7.

Not only has the petitioner failed to exercise the reasonable diligence required under the law to be entitled to equitable tolling, this Court further explained that the factual basis for petitioner's arguments similarly falls short of the legal standard of "extraordinary circumstance." The petitioner's physical injury was short-lived and not so extraordinary as to have *prevented* timely filing. In light of these unfortunate failures to satisfy the relevant legal standard, the Court recognizes no clear error of law in its previous Order.

It appears to the Court that the petitioner has not demonstrated any clear error of law, but instead relies on Rule 59(e) merely to request that the Court "'rethink what the Court ha[s] already thought through—rightly or wrongly,'" *Torain*, 77 F.Supp.2d at 751, and it would be improper for the Court to grant the instant motion on that basis. Finding no clear error of law, nor any suggestion of intervening controlling case law or presentation of newly discovered evidence, the Court must deny the petitioner's Rule 59(e) Motion, instead appropriately reserving this extraordinary remedy for truly exceptional circumstances.

### IV. Conclusion

For the reasons explained above, Petitioner's Motion to Amend or Alter Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, ECF No. 219, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:    September 8, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE